*1110 OPINION.
Van Fossan:
The petitioner seeks (1) an allowance (within the limitations of section 326, Revenue Act of 1918), for invested capital purposes, of good will paid in for stock, and (2) a deduction from gross income for the obsolescence of good will lost through the operation of national prohibition.
The actual cash value of good will and other intangibles paid into a corporation for stock, not exceeding 25 per cent of the par value of the total stock outstanding, may be included in invested capital. (Section 326(a)(4) and (5), Revenue Act of 1918.) The actual cash value of good will at the time paid in must, however, be definitely established. Appeal of Richmond Dairy Lunch, 1 B. T. A. 876. The petitioner submits no evidence of the operation of the business prior to incorporation, and, at the best, only meager evidence of essential facts relative to the business subsequent to incorporation. There is not sufficient evidence in this record to enable us to determine the actual cash value, if any, of the good will at the date of incorporation. Appeal of Saenger Amusement Co., 1 B. T. A. 96, and Appeal of W. E. Marshall & Co., 1 B. T. A. 175; see also Camden v. Stuart, 144 U. S. 104. Accordingly, the action of respondent excluding good will from invested capital must be approved.
The evidence is likewise insufficient to establish any value for good will either at March 1, 1913, or at the date when it is alleged to have become obsolete. However, if value were proved no deduction for the obsolescence of good will could be allowed, as good will is not a depreciable asset, subject to obsolescence, within the meaning of section 234(a) (7) of the Revenue Act of 1918, for which a deduction from gross income may be allowed. Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626; Manhattan Brewing Co. v. Commissioner, 6 B. T. A. 952.

Judgment will be entered for the respondent.

Considered by MaRquette, Phillips, and Milliken.